UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 3:10-cr-19-TKW

JAMES ANDREW MUSGROVE A/K/A
 RICKY, A/K/A STARCHILD
_____/

## ORDER OF RELEASE

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, the Court held a detention hearing in this matter on October 11, 2023. Appearing for the Government was Rebecca Garvey. Appearing for the Defendant was Jack Wilkins.

**I.     Background**

Defendant was sentenced on July 21, 2010 on one count of conspiracy to distribute 5 kg or more of a mixture of cocaine and 50 grams or more of a mixture of cocaine base and one count of possession with intent to distribute 50 grams or more of a mixture containing cocaine base to 240 months' incarceration followed by five (5) years of supervised release. Defendant's supervised release began on June 29, 2022. On August 30, 2023, a summons was issued for Defendant and revocation proceedings initiated based on a petition by the US Probation Office ("USPO") notifying the Court Defendant had tested positive for controlled substances (cocaine and marijuana) on three (3) occasions and for two instances of lying to USPO about his drug use.

Defendant appeared before Judge Bolitho on his initial appearance on the revocation proceedings September 13, 2023. Defendant tested positive for controlled substances on that date. Nonetheless, the Government did not move for detention at that time and Defendant was released under the existing terms and conditions of his supervised release.

On October 6, 2023, pretrial revocation proceedings were initiated after Defendant tested positive, once again, for cocaine on September 21, 2023. Defendant refused to answer whether he had used, but Alere testing confirmed the

presumptive positive test. Defendant appeared before the Court on October 10, 2023, for his initial appearance on those pretrial revocation proceedings and a detention hearing was held the following morning. Defendant also tested positive for methamphetamines on October 10, 2023, but denied use. As of this date, the lab results for that test have not been received by USPO.

The Government has moved for revocation of the release conditions and for detention pursuant to 18 U.S.C. § 3148(b).

## II. Analysis

Under 18 U.S.C. § 3148(b), revocation and detention are mandated if the Court finds there is (1)(A) probable cause to believe the Defendant has committed a Federal, State, or local crime while on release; or (1)(B) clear and convincing evidence that the person violated any other condition of release; **and** (2)(A) there are no conditions or combination of conditions of release, considering the factors set forth in section 3142(g), that will ensure the Defendant will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release.

The undersigned finds clear and convincing evidence that Defendant has violated the conditions of his release by using controlled substances on at least 6 occasions. *See* Govt's Exh. 1-7 (admitted over hearsay objection).

As to the second part of section 3148(b), the Court finds the Government has not shown by a preponderance of the evidence Defendant will be a risk of nonappearance. Namely, Defendant voluntarily surrendered to the United States Marshal Service after being advised of a warrant for his arrest by USPO Mitchell. Additionally, Defendant has not left this district since being on supervised release, has limited physical mobility, and has lived in this District most of his adult life.

Also, while a *very* close call, the Court finds the Government has not shown by a preponderance of the evidence that Defendant is unlikely to abide by the conditions of his release. Despite the 6 positive drug tests, the Court notes that Defendant has been compliant with treatment, and is still undergoing substance abuse treatment. The Court also notes that Defendant has tested negative 8 times, and the only time he failed to report to USPO was on October 5, when his phone was stolen.

Case No. 3:10-cr-19/TKW

Accordingly, IT IS ORDERED that the United States Marshal Service shall release Defendant and Defendant's release shall be governed by the existing conditions of his supervised release:

Entered on October 11, 2023

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:10-cr-19/TKW